In the Matter of PHILIP F. WOLFF, an Attorney, Respondent. ONEIDA COUNTY BAR ASSOCIATION, Petitioner.

Fourth Department, July 1, 1971.

*Roger H. Williams* for petitioner.

*Philip F. Wolff,* in person, and *Patrick J. Cunningham* for respondent.

*Per Curiam.* Respondent was admitted to the Bar by this court on March 3, 1960. The petitioner in this disciplinary proceeding alleges various acts of misconduct which violate canon 29 of the Canons of Professional Ethics and by the commission of which respondent failed to uphold the honor and maintain the dignity of the legal profession.

Following a hearing, the Referee to whom the matter was referred found that the respondent, who was having matrimonial difficulty, entered the home of his then wife on December 11, 1968 without her knowledge or permission in violation of a Family Court temporary order of protection and remained there until the police were called; that in the early morning hours of January 25, 1969, immediately outside his wife's residence, he attacked one C. Vaughan Lewis, Jr., his wife's alleged paramour, in violation of protective orders of the Family Court proscribing contacts and acts of harassment on his part with reference to his wife and visits to their former home; that on March 7, 1969 he entered his wife's home and became violent; and that on September 28, 1968, in a public restaurant, he had an altercation with the same C. Vaughan Lewis, such acts constituting conduct in a public place in violation of canon 29. The respondent's conduct on January 25, 1969 resulted in his arrest for assault second degree and criminal mischief. He was also arrested for harassment following the occurrence of September 28, 1968.

While the respondent was acquitted following trial of the indictment for assault and the charges of criminal mischief and harassment were dismissed, the Referee found as to each of the incidents a violation of canon 29.

The proof supports fully the findings of the Referee that respondent by his conduct failed to uphold the honor and maintain the dignity of the profession as required by the Canons of Professional Ethics.

While the respondent's domestic crisis no doubt created an intensely emotional situation, respondent's refusal to honor the protective orders of Family Court and his repeated involvement with the police in connection with his arrests together with the resulting unfavorable publicity, warrant the censure of the court.

Order entered censuring respondent.

MARSH, J. P., WITMER, GABRIELLI, MOULE and HENRY, JJ., concur.

Order entered censuring respondent.